Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7174 | **DATE** | 10/23/2003 |
| **CASE TITLE** | Villalobos vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. This matter is before the Court on Petitioner's petition for writ of habeas corpus. For the reasons stated on the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby stricken as moot. Enter Memorandum Opinion. Terminating case.

(11) ■ For further detail see memorandum opinion attached to the original minute order.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | deputy initials | 19 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED OCT 24 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. SAMUEL VILLALOBOS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 01 C 7174 |
| JONATHAN WALLS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Samuel Villalobos' ("Villalobos") 28 U.S.C. § 2254 petition for writ of habeas corpus. For the reasons stated below we deny the petition.

## BACKGROUND

On October 30, 1995, Villalobos's was found guilty in Illinois state court of first degree murder and was sentenced to sixty years of imprisonment. Villalobos appealed his conviction to the Illinois Appellate Court and the Appellate Court affirmed his conviction. Villalobos then filed a petition for a leave to appeal in the Illinois Supreme Court and the Illinois Supreme Court affirmed the lower courts' rulings. Villalobos subsequently filed the instant petition for writ of habeas corpus.

Villalobos was originally arrested and placed in custody on the charges of drinking on a public way and felony possession of cannabis. Two days after his arrest, while he was still incarcerated, the police transferred Villalobos to police headquarters for questioning about an

unrelated murder. After being read his *Miranda* rights Villalobos waived the rights and made a statement which implicated Villalobos in a shooting death. At trial Villalobos moved to suppress the statement because at a bond hearing for the drug possession charge, two days before the murder interrogation, Villalobos signed an appearance form that indicated that he did not want to be questioned outside of the presence of his attorney. The state trial court denied the motion to suppress and Villalobos was convicted of first degree murder.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254 a federal court may entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner seeks to challenge a state court decision under 28 U.S.C. § 2254, a writ of habeas corpus is proper only if the challenged state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hammer v. Karlen*, 342 F.3d 807, 810 (7th Cir. 2003).

## DISCUSSION

Villalobos claims that the state trial court erroneously denied his motion to suppress his statement that was taken when he was questioned about the murder. He asserts that the trial court erred when it found that he had not invoked his Fifth Amendment right to counsel prior to questioning. The United States Supreme Court has held that the Fifth Amendment of the United States Constitution prohibits compelled self incrimination. *Miranda v. Arizona*, 384 U.S.

436, 444 (1966). The Supreme Court stated that before an accused can be subjected to custodial interrogation, he must be informed that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.* The Court also held that an accused may waive those rights as long as the waiver is made "voluntarily, knowingly and intelligently." *Id.* When an accused that is being subjected to custodial interrogation indicates that he desires to communicate with the police through counsel, the police cannot conduct any further interrogation until counsel has been made available to the accused, "unless the accused himself initiates further communications, exchanges, or conversation with the police." *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). In addition, once a suspect asserts his *Miranda* Fifth Amendment right to counsel for one offense, he may not be approached for questioning regarding any other crime unless his counsel is present. *Arizona v. Roberson*, 486 U.S. 675, 710-11 (1988).

The Sixth Amendment of the United States Constitution provides that in "criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const., amend. VI. This right to an attorney can only attach when a prosecution is commenced against a suspect. *Kirby v. Illinois*, 406 U.S. 682, 688 (1972). One's Sixth Amendment right to counsel is offenses specific, meaning it is only valid for the particular crime the suspect is charged with and not all future potential proceedings. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Therefore, a defendant's statement regarding an offense for which he has not yet been charged is admissible, notwithstanding the attachment of his Sixth Amendment right to counsel on other charges. *Id.* at 176. It cannot be inferred from a defendant's invocation of his Sixth Amendment right to counsel that the defendant also invoked his Fifth Amendment right to counsel under *Miranda*. *Id.* at 177-80.

In this case the Illinois Supreme Court found that although Villalobos' Sixth Amendment

3

right to counsel on the possession charge were invoked at the drug possession bond hearing, Villalobos' Fifth Amendment right to Counsel did not arise at that juncture. On his appeal to the Illinois Supreme Court Villalobos argued that he invoked his Fifth Amendment rights when he signed an appearance form at the drug possession bond hearing which indicated that Villalobos did not want to be questioned outside the presence of a lawyer. The Illinois Supreme Court rejected that argument, noting that at the time of the bond hearing that there was no suggestion that Villalobos would be questioned and charged with the murder. The court also noted that police conducted the interrogation which produced the incriminating statement two days after the bond hearing. The court stated that although a person can invoke his *Miranda* rights in an anticipatory fashion, an individual can only invoke his *Miranda* rights if he is in a custodial setting and subject to interrogation or under imminent threat of interrogation.

    We agree with the Illinois Supreme Court. Although an accused can invoke his Fifth Amendment right to counsel in an anticipatory fashion, it would stretch the rule beyond reasonable boundaries if we were to apply it in this case. *See United States v. Muick* 167 F.3d. 1162, 1166 (7th Cir. 1999)(finding that the authorities must be conducing an interrogation or an interrogation must be imminent before a defendant can invoke his Fifth Amendment right to counsel); *U.S. v. LaGrone*, 43 F.3d 332, 335 (7th Cir. 1994) (holding that a defendant can only invoke his Miranda rights when the authorities are conducting an interrogation or when an interrogation is imminent). When Villalobos signed the appearance form he had no reason to anticipate police interrogation on the murder matter and he was questioned two days after the bond hearing. Thus, an interrogation relating to the murder charge was not imminent at the time of the bond hearing. We also note that in regards to Villalobos's Sixth Amendment right to counsel it may have been invoked at his bond hearing, however, this would have no effect on Villalobos's statement regarding the unrelated crime of murder, because one's sixth amendment

right to counsel is offense specific, and would attach solely to the possession charge.

Villalobos argues that after the bond hearing the police were prohibited from interrogating him outside the presence of counsel regarding the possession charge or any other charge. To support his proposition Villalobos cites *Arizona v. Roberson*, 486 U.S. 675, 710-711 (1988). However, Villalobos fails to address the basis for the state court rulings which is that he had not invoked his Fifth Amendment right to counsel in regards to the murder charge. In *Roberson* the court indicated that the protections against interrogation regarding unrelated charges only exist once the accused invokes his Fifth Amendment right to counsel. *Id.* at 683-84; *See United States v. McKinley*, 84 F.3d 904, 908 (7th Cir. 1997)(holding that although the defendant invoked his Sixth Amendment right to counsel at an arraignment he still had to invoke his Fifth Amendment *Miranda* right to counsel for an unrelated charge). Therefore, we deny the petition for writ of habeas corpus.

We note that Villalobos argues that *McNeil v. Wisconsin*, 501 U.S. 171 (1991) is not applicable in this case because the defendant was not in custody. Villalobos is incorrect. In *McNeil* the defendant was in custody. *Id.* at 173. In fact the circumstances in *McNeil* are similar to the one before us. *McNeil* was arrested for an armed robbery in West Allis, Wisconsin and was represented by a public defender at a bond hearing. *Id.* After the bond hearing the police visited *McNeil* in jail and questioned him regarding a murder and armed burglary in the town of Caledonia. *Id.* The court held that *McNeil* did not assert his Fifth Amendment right to counsel and that his statements regarding the Caldonia murder were admissible. *Id.* at 179-181. The court rationalized that all a suspect needs to do if he does not want to answer the police's questions is to tell them that he wants to communicate to them through a lawyer. *Id.* at 180. The court noted that if it were to accept *McNeil*'s arguments that he invoked his Fifth Amendment right to counsel, then numerous individuals in custody would be "unapproachable by police

officers suspecting them of involvement in other crimes, even though they have never expressed any unwillingness to be questioned" which would not be good for society. *Id.* at 181.

## CONCLUSION

Based on the foregoing analysis we deny the petition for writ of habeas corpus.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 23, 2003